UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR CLAYTON,[1] | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
|   v. | )    Civil Action No. 22-1631 (UNA) |
| | ) |
| MERRICK GARLAND *et al.*, | ) |
| U.S. Attorney General, in his official | ) |
| capacity, | ) |
| | ) |
|     *Defendants*. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint, Dkt. 1, and a motion for leave to proceed *in forma pauperis*, Dkt. 2. For the reasons stated below, the Court will grant plaintiff's application and dismiss the complaint for failure to state a claim. *See* 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is an inmate at the Federal Detention Center in Philadelphia, Pennsylvania, who has been charged with violating the Trafficking Victims Protection Act (TVPA), codified at 18 U.S.C. § 1591 *et seq*. Compl. ¶¶ 1–2. Invoking the Administrative Procedure Act (APA), plaintiff criticizes his indictment under the TVPA, *see id*. ¶¶ 55–68, and seeks an "injunction requiring defendants to comply with the" TVPA, *id*. at 2, 15.

---

[1] Although Plaintiff purports to proceed "on behalf of all similarly situated" individuals, he, as a lay person, can neither prosecute the claims of other individuals nor serve as a class representative without licensed counsel. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. United States v. Wash. TRU Sols. LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citation omitted)).

1

The APA authorizes judicial review of "final agency action for which there is no other adequate remedy in a court[.]" 5 U.S.C. § 704.  This "reflects Congress' judgment that the general grant of review in the APA ought not duplicate existing procedures for review of agency action or provide additional judicial remedies in situations where Congress has provided special and adequate review procedures."  *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) (internal quotation marks omitted).  Plaintiff's claim fails for one of two reasons.  First, he has not identified a decision reviewable under the APA.  Second, he has an adequate remedy in the criminal court to challenge the indictment.  *See Manafort v. U.S. Dep't of Just.*, 311 F. Supp. 3d 22, 33–34 (D.D.C. 2018) ("[T]he Federal Rules of Criminal Procedure offer [criminal defendants] precisely the kind of alternative relief that precludes duplicative APA review.")  Therefore, this case will be dismissed by separate order.

Date:  June 29, 2022                                             _____/s/_____
                                                                                 DABNEY L. FRIEDRICH
                                                                                 United States District Judge